November 5, 2008

Hon. George B. Daniels
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

                              Filed by ECF

      Re: USA v. Julio Vallejo
          05 Cr. 1257 (GBD)

Dear Judge Daniels;

      In the Presentence Report at paragraphs 45 and 47, two convictions for unauthorized use of a motor vehicle are listed, and as a consequence defendant is assigned 1 criminal history point for each.  On August 25, 1997, defendant was convicted of unauthorized use of a motor vehicle, and received a conditional discharge, and 5 days community service.  On April 3, 2001, defendant was convicted of unauthorized use of a motor vehicle, and sentenced to a conditional discharge.

      Unauthorized use of a motor vehicle, NY Penal Law @ 165.05 is a misdemeanor punishable by up to one year in prison.  As a consequence of defendant's pleas of guilty, he was not placed on  formal probationary terms in the Criminal Court, but instead received sentences of a "conditional discharge."  A conditional discharge term unsupervised Probation, and is for a term of one year for a misdemeanor conviction.  See, NY Penal Law @ 65.05.3(b).  As a planned part of this submission I have requested of U.S. Probation provide me with the Bronx Criminal Court files for each case, but have received no response.

      Subsection (2) of USSG @ 4A1.2 (c) provides that minor traffic violations are never counted as part of Criminal History, however, the comment.(n.5) to said section specifically excludes "driving while intoxicated" from the exception.

Effective November 1, 2007, @ 4A1.2 ©)(1) was modified to provide that "sentences for the listed prior offenses and offenses similar to them, by whatever name they are known, are counted only if (A) the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense ................"

Defendant Vallejo objects to the inclusion of the instant unauthorized use of a motor vehicle convictions because the "probationary term" for each was not greater than 1 year as required by subsection (1) aforesaid. Vallejo also submits unauthorized use of a motor vehicle is a similar offense under 4A1.2 ©)(1). There, the list of "prior offenses and offenses similar to them, by whatever name they are known" includes the following automobile related misdemeanor offenses punishable by up to one year in prison:

careless or reckless driving,

driving without a license or with a revoked or suspended license,

leaving the scene of an accident.

Also included in the list is contempt of court, disorderly conduct or disturbing the peace, false information to a police officer, gambling, hindering or failure to obey a police officer, insufficient funds check, non-support, prostitution, resisting arrest and trespassing.

Defendant's conviction for unauthorized use cannot be considered "categorically more serious" than the aforesaid offenses, most of which are also misdemeanor offenses. See, United States v. Sanders, 205 F.3d 549, 553-54 (2d Cir. 2000). The Second Circuit has recognized that the phrase "offenses similar to them" is "remarkably opaque." See, United States v. Martinez-Santos, 184 F.3d 196, 199 (2d Cir. 1999). The Second Circuit has ruled that the goal of an inquiry as to whether the offenses are similar should focus on "whether the unlisted offense under scrutiny is categorically more serious that the Listed Offenses to which it is being compared. Martinez-Santos, 184 F.3d at 206. Unauthorized use is not more serious than any listed offense with the possible exception of disorderly conduct which is classified as a Violation under NYS law [Penal Law @ 240.20].

Martinez-Santos, 184 F.3d at 200, also sets forth guiding criteria when determining whether offenses are "similar" for Guidelines sentencing purposes. Applying those criteria here to analyze "unauthorized use:"  the comparative punishment for that offense to an above listed

offenses is the same; the perceived seriousness of unauthorized used to an above listed offense, as indicated by the level of punishment, is the same; the level of culpability associated with unauthorized use is the same as the above listed offenses; and the likelihood of recurring criminal conduct of one who engages in the unauthorized use of a motor vehicle cannot be said to be different in degree from one who engages in any above offense.

      Defendant Vallejo submits his proper criminal history level is ONE.

                                Respectfully,

                                    /s

                                B. Alan Seidler

cc:     Probation Officer Kisha Singleton
        Julio Vallejo
bas/ee